UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TINTONTON BELFORT(A026-005-679) | CIVIL ACTION NO. 11-CV-1336 "P" |
| VERSUS | JUDGE DOHERTY |
| WARDEN VIATOR; PHILLIP T. MILLER; AND ERIC HOLDER | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Tintonton Belfort. (Rec. Doc. 16). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

### ANALYSIS

On July 15, 2011, Tintonton Belfort initiated this lawsuit, filing a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Rec. Doc. 1). In his petition, Belfort alleged that he is a native and citizen of Haiti, who had been detained at the South Louisiana Correction Center in Basile, Louisiana, in the custody of the United States Immigration and Customs Enforcement ("ICE") since August 11, 2010. (Doc. 1 at 4.) He alleged that, on November 29, 2010, an immigration judge ordered him

removed from the United States and returned to Haiti because he was convicted of a crime that constituted a removal offense. (Doc. 1 at 5). He has alleged that his immigration detention pending execution of the removal order is permanent and unlawful.

Belfort argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain aliens in order to effectuate their removal. He further argues that the presumptively reasonable time period has elapsed. Belfort argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Belfort prayed that a writ of *habeas corpus* be issued directing that he be released from custody.

On December 7, 2011, the undersigned ordered Belfort's petition served on the government defendants and further ordered the defendants to answer the petition and inform the undersigned whether there was a significant likelihood of removal in the reasonably foreseeable future or whether Belfort's detention is otherwise lawful. (Rec. Doc. 6). On December 30, 2011, the government responded to Belfort's petition (Rec. Doc. 12), advising that the temporary suspension of removal of Haitians following the January 12, 2010 earthquake in Haiti had been lifted and that

ICE did not anticipate any difficulty with the issuance of a travel document for Belfort. The government advised that Belfort's removal is likely to occur in the reasonably foreseeable future. Belfort responded on January 19, 2012, indicating that his continued indefinite detention violates the law and his rights. (Doc. 13) On March 6, 2012, the undersigned ordered that an evidentiary hearing is necessary for clarification and proper determination of the issues raised by Belfort. The hearing was set for March 28, 2012. (Doc. 14)

In fact, on March 16, 2012, Tintonton Belfort was released on an Order of Supervision. ( Doc. 16-2).

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States...." Belfort was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied. After his petition was filed, however, Belfort was released from custody. Accordingly, the undersigned finds that Belfort is no longer in ICE custody and has been released. Since Belfort's sole request for relief is release from immigration detention pending removal, and since he has now been released, his petition is now factually moot.

Therefore, the undersigned recommends that the government's motion to dismiss (Rec. Doc. 16) be GRANTED, and that Tintonton Belfort's petition for writ

of *habeas corpus* (Rec. Doc. 1) be DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 16th day of April, 2012.

_____
Patrick J. Hanna
United States Magistrate Judge